UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAJUAN BROWN,[1]

                Petitioner,         Case No. 2:15-cv-10638
                                                   Hon. George Caram Steeh

SHAWN BREWER,

                Respondent.
_____/

**OPINION AND ORDER 1) GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT [Dkt. 6], 2) DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS, AND 3) DENYING CERTIFICATE OF
APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

LaJuan Brown, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Brown's Wayne Circuit Court conviction for armed robbery, MICH. COMP. LAWS § 750.529; assault with intent to rob while armed, MICH. COMP. LAWS § 750.89; felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b; and carrying a concealed weapon. MICH. COMP. LAWS § 750.227. The petition raises nine claims: 1) the prosecutor committed misconduct by his mischaracterization of the evidence and burden-shifting argument, 2) the trial court erred in failing to give a mere-presence jury instruction, 3) Petitioner was denied his right to counsel by being assigned counsel on the day of the preliminary examination, 4) Petitioner was denied his right to a public trial by the closure of the courtroom during jury

---

[1] The Court amends the caption to reflect the correct spelling of Petitioner's first name which was misspelled in the petition.

-1-

selection, 5) Petitioner's conviction was obtained through the knowing use of perjured testimony, 6) the prosecutor failed to list exculpatory witnesses on its witness list, 7) the destruction of the transcript from Petitioner's first trial prevented him from challenging the sufficiency of the evidence presented at that proceeding, 8) Petitioner was denied the effective assistance of counsel at trial, and 9) Petitioner was denied the effective assistance of appellate counsel.

This matter is before the Court on Respondent's motion for summary judgment, in which he asks the Court to dismiss the petition as untimely. Petitioner has filed a response to the motion, asserting that Respondent's is incorrect as to the date he filed the instant action.

The Court will grant Respondent's motion for summary judgment and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d). The Court will also deny Petitioner a certificate of appealability and permission to proceed on appeal in forma pauperis.

## I. Background

Following his conviction and sentence, Petitioner filed an appeal of right with the Michigan Court of Appeals. His appellate brief raised what now form his first two habeas claims. On February 15, 2011, the Michigan Court of Appeals issued an unpublished opinion affirming Petitioner's convictions. *People v. Brown*, No. 295867 (Mich. Ct. App. Feb. 15, 2011).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. On September 6, 2011, the Michigan Supreme Court denied Petitioner's application

by standard order. *People v. Brown*, 802 N.W.2d 64 (Mich. 2011) (Table). Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

On June 26, 2012, Petitioner filed a motion for relief from judgment in the trial court, raising what now form his third through ninth habeas claims. The trial court denied this motion by order dated November 15, 2012.

On November 11, 2013, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On December 4, 2013, the Michigan Court of Appeals rejected Petitioner's application as untimely filed. The court stated: "The delayed application for leave to appeal from the November 15, 2012 order denying relief from judgment is DISMISSED because appellant failed to file the application withing the time period required by MCR 7.205(F)(3). Further, the exceptions in MCR 7.205(F)(4) are inapplicable." *People v. Brown*, No. 319146, (Mich. Ct. App. Dec. 3, 2013).

Petitioner applied for leave to appeal to the Michigan Supreme Court. On July 29, 2014, the Michigan Supreme Court denied Petitioner's application by standard order. *People v. Brown*, 849 N.W.2d 367 (Mich. 2014) (Table).

Petitioner did not date his habeas petition. It was filed in this Court on February 18, 2015, and was postmarked on February 9, 2015. Petitioner's response to Respondent's motion for summary judgment states that he handed his petition over to a corrections officer for mailing on January 7, 2015, an allegation that will be accepted as true for purposes of this motion.

## II. Discussion

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for

summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.* If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

§ 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Neither party asserts that a different starting point applies. Under this provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner pursued a direct appeal of his conviction in the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 6, 2011. Petitioner did not

petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. See *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 5, 2011, and the period of limitations began running the next day, December 6, 2011.

Petitioner had one year from that date to file his habeas application or to take some action tolling the running of the period of limitations. Petitioner filed his motion for relief from judgment on June 26, 2012, which tolled the running of the statute of limitations under § 2244(d)(2). At this point, 204 days had run on the statute of limitations. Therefore, Petitioner had 162 days–a total of 366 days because of a leap year–left to file his habeas corpus petition once the statute of limitations resumed running.

The trial court denied his motion for relief from judgment on November 15, 2012. Under the Michigan Court Rules in effect at the time, Petitioner had 180 days to appeal this decision, or until
May 14, 2013. See Mich. Ct. R. 7.205(F)(3) (2013). Petitioner waited until November 11, 2013, however, to attempt to file a delayed application for leave to appeal. The Michigan Court of Appeals explicitly dismissed the appeal because Petitioner's application was untimely. Petitioner's subsequent appeal to the Michigan Supreme Court was denied by standard order.

Petitioner's delayed application for leave to appeal from the denial of his motion for relief from judgment was not "properly filed" as required by § 2244(d)(2) to toll the limitations period. "Properly filed" means that the document's "delivery and acceptance are

in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A state petition for post-conviction relief that is denied as untimely is not "properly filed" for purposes of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Israfil v. Russell*, 276 F.3d 768, 771, 18 Fed. Appx. 278 (6th Cir. 2001). Because Petitioner's delayed application was dismissed as untimely filed, its filing did not continue the period of statutory tolling under § 2244(d)(2).

Still worse for Petitioner, he is not entitled to statutory tolling for the 180 day period in which he could have, but did not, appeal the trial court's denial of his motion for relief from judgment. See *Carey v. Saffold*, 536 U.S. 214, 225-226 (2002) (if state court explicitly rules that period between the time of a lower state court reached an adverse decision and the date the prisoner filed an appeal is untimely, "that would be the end of the matter."); *Evans v. Chavis*, 546 U.S. 189, 197 (2006) (citing *Saffold)*; *Ross v. McKee*, 465 F. App'x 469, 473 (6th Cir. 2012) (period of limitations stopped tolling day after Michigan Court of Appeals issued decision where habeas petitioner's application for leave to appeal was untimely filed in Michigan Supreme Court).

The fact that the Michigan Supreme Court did not give any explicit reason for denying Petitioner's subsequent application for leave to appeal does not alter the result. *Carey*, 536 U.S. at 226 ("Given the variety of reasons why the California Supreme Court may have included the words 'on the merits,' those words cannot by themselves indicate that the petition was timely."). Petitioner made no argument in his appeal to the Michigan Supreme Court regarding the court of appeals' finding that his earlier application was

untimely. There is therefore no reason to conclude that the state supreme court overturned the court of appeals' finding that Petitioner's application filed in that court was untimely under Rule 7.205.

Accordingly, the period of limitations stopped tolling and began running the day after the trial court issued its decision denying Petitioner's motion for relief from judgment, or on November 16, 2012. Accepting as true Petitioner's assertion that he handed his habeas petition for filing with this Court on January 7, 2015, over two more years passed on the limitations period between the trial court's decision and the commencement of this action, rendering the habeas petition untimely filed.

The petition is therefore time-barred unless Petition can demonstrate grounds for equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner does not offer any argument that he is entitled to equitable tolling. The most he could say is that he was unaware that the failure to timely file an application for leave to appeal in the Michigan Court of Appeals would have such a disastrous effect on his ability to timely file a federal habeas petition. But the fact that Petitioner is untrained in the law or may have been unaware of the statute of limitations does not warrant tolling. See *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete

with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements).

The same could be said for any argument that the ineffective assistance of Petitioner's appellate counsel was the root cause of his failure to present his habeas claims to the state courts. Petitioner had no right to counsel during his state collateral proceeding, and it was his own failure to timely appeal the trial court's decision (indeed the application was late by about six months) that rendered his federal petition untimely. The Court notes again that Petitioner's application for leave to appeal filed in the Michigan Supreme Court did not attempt to address the court of appeals determination of untimeliness. Petitioner therefore has failed to demonstrate that he is entitled to equitable tolling under *Holland*.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Shlup*, because Petitioner has presented no new, reliable evidence in his petition or

-8-

response to Respondent's motion to establish that he was actually innocent of the crimes charged. See *Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

Accordingly, the Court will grant Respondent's motion for summary disposition and dismiss the petition.

### III.  Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* Having undertaken the requisite review, the court concludes that jurists of reason would not debate the Court's procedural ruling. A certificate of appealability will therefore be denied. Furthermore, leave to appeal in forma pauperis is denied because any appeal of this order could not be taken in good faith because it would be frivolous. 18 U.S.C. § 1915(a)(3).

## IV. Order

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED**.

Dated: January 4, 2016

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 4, 2016, by electronic and/or ordinary mail and also on LaJaun Brown #591667, Alger Maximum Correctional Facility, N6141 Industrial Park Drive, Munising, MI 49862.

s/Barbara Radke
Deputy Clerk

---